**Shirley Ann Masters SMITH, Plaintiff-Respondent,**

v.

**Luther Andrew MASTERS, Defendant-Appellant.**

**No. 9281.**

Missouri Court of Appeals, Springfield District.

Feb. 7, 1974.

No appearance for plaintiff-respondent.

Kenneth W. Shrum, Marble Hill, for defendant-appellant.

### PER CURIAM.

In a 1968 divorce the plaintiff-wife, by agreement, was awarded the general custody of the parties' ten-year-old son and six-year-old daughter with the defendant-husband being granted certain temporary custody and visitation rights.

In 1970 the plaintiff-wife filed this motion to modify the custodial portion of the decree by terminating the temporary custody and visitation rights of defendant-husband. The defendant-husband countered with his own motion to modify and sought full custody of the children.

Following a bitterly contested and lengthy hearing the Circuit Court of Butler County entered its order in December of 1971 modifying the original decree so as to vest the general custody of the boy in the defendant [1] and continuing general custody of the girl in the plaintiff. Plaintiff did not appeal from the modification order and has not filed a brief herein.

We have carefully surveyed the record remains of the trial court battlefield in which neither party emerged as a hero or escaped unscathed by the vituperation of the other. We have concluded that nothing could be gained and that literary effort will not suffer by our forebearance to conduct a post-mortem of unhealed wounds that had their beginnings in a now demised marriage which produced two offspring. An experienced trial judge, sitting as special judge, heard the evidence and observed the parties and their witnesses. From the safe and serene surroundings of our appellate demilitarized zone we cannot say that the judgment entered after the din of battle is based on findings of fact which are clearly erroneous.

We have examined the brief of the defendant and the authorities cited therein [2] but are of the opinion that no error of law appears. Further, that an opinion would have no precedential value.

The judgment of the trial court is affirmed pursuant to Rule 84.16(b), V.A. M.R.

All concur.

1. Because of "disciplinary problems" plaintiff was having with her son she voluntarily permitted him to commence living with the defendant in January of 1971.

2. Defendant's brief contains and directs our attention to matters outside the field-of-fire upon which the trial court modified the decree. Such matters may very well give rise to the opening up of a new "front" between the parties but the December, 1971, judgment marked the cessation of the hostilities that we are to consider in this appeal.